[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: CROSS MOTION FOR SUMMARY JUDGMENT
The plaintiff, acting pro se, instituted the present action against the defendant law firm asserting that the law firm breached an agreement with respect to fees to be charged in relation to a class action lawsuit instituted in the United States District Court. The plaintiff claims that the defendant law firm agreed to a fee structure which required each member of the class, totalling 67 members, to pay an hourly rate at one-half the normal hourly rate of the law firm plus a contingency fee of 10% of any sums arising from successful litigation. The plaintiff further claims that he paid certain sums to the law firm pursuant to the agreement; that a settlement of the lawsuit was reached prior to going to trial; and the defendant law firm charged a fee that was not in accordance with the fee agreement alleged by the plaintiff. The defendant has now moved for a summary judgment and has submitted affidavits and memorandum in support of the motion.
Based upon the affidavits presently before the court the facts appear as follows: The defendant law firm undertook the CT Page 9096 representation of the plaintiff class in an action brought under the Age Discrimination Employment Act, 29 U.S.C. § 621 et seq. The suit was commenced in 1988. Plaintiff remained a member of the class throughout the litigation even though he had the opportunity to opt out of the class at any time. A litigation committee was constituted to handle communications, instructions and authorizations between the class members and the defendant firm and functioned throughout the litigation. The law firm clarified that they represented the class of plaintiffs and not any one individual plaintiff that they would be guided by a majority vote regard to any settlement decisions. The defendant law firm agreed to represent the class on a mixed fee basis by charging the plaintiffs at a rate of one-half their hourly rate, plus a ten percent contingency for any recovery for the plaintiff class. Each member of the class contributed the sum of $1400 toward fees and expenses and the trust account established by those payments was rapidly exhausted because of the extensive work required with respect to the litigation. The litigation costs and fees soon exceeded what the class members could afford and the defendant law firm continued to work on the litigation without payment of fees and expenses advanced. In 1991, members of the law firm met with the class to discuss the necessity of pursuing alternative courses of action with respect to litigation. The 51 class members present at the meeting voted by a vast majority to attempt to obtain a settlement with the defendant. At the meeting, the law firm discussed with the class members the fact that the class was in substantial arrears in payment of the agreed upon sums of money and that, under the original ten percent recovery contingency, the class member could potentially be obligated for impossibly large payment of attorney's fees. The overwhelming majority of the class approved and authorized a settlement approach where in the law firm would try to negotiate their fee and reimbursement for costs from the defendant as part of a settlement which would relieve the class members from any further obligations with respect to fees or costs The defendant law firm was successful in negotiating a settlement which was declared to be confidential by the Federal Court, whereby their attorney's fees were paid by the defendant. At all settlement hearings, members of the litigation committee were in attendance and authorized and approved every detail of the settlement agreement. The plaintiff was not on the litigation committee but gave his authority, as did all class members, for the litigation committee to act on his behalf. The litigation committee fully and completely authorized settlement including attorney's fees. CT Page 9097
In October of 1991, the District Court held a public hearing to approve the settlement and notice of that hearing had been sent to all class members. The plaintiff did not appear or otherwise make known any disagreement that he had with the settlement. The District Court expressly found that the defendant had represented the interests of the class effectively and fairly and approved the settlement agreement, which included provisions for attorney's fees. In response to correspondence from the plaintiff, representatives of the defendant law firm met with the plaintiff and answered all questions posed. Thereafter, the plaintiff executed his individual release, received a copy of the class settlement agreement and received a check, as did all other members of the class, which was in excess of the sums previously paid to the law firm. The settlement agreement, which is confidential, also provided significant benefits to each member of the class. The plaintiff was given full and complete disclosure of the terms and amount of the settlement agreement, including the terms of the attorney's fees, before he signed the release and, although it was always his right, he never chose to opt out of the class. The plaintiff has been treated equally with and identically to all other class members.
The plaintiff's position is based upon a fee agreement entered into in 1988, which was modified in 1991. The 1991 modification was supported by consideration and it was an agreement binding upon the plaintiff. See such cases as Harris Calorific Sales Co. v. Manifold Systems, Inc., 18 Conn. App. 559, 564 (1989). The 1991 modification was approved by the United States District Court as part of the settlement agreement, the plaintiff executed a release with respect to that settlement, and the plaintiff received the benefits of that settlement.
Accordingly, the cross motion for summary judgment filed by the defendant is hereby granted.